UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ARTHUR FLEMMING MOLER #27271-171** | **CASE NO. 2:19-CV-00982 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **OFFICER WELLS ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

On January 3, 2022, the Fifth Circuit issued a "Mandate" (Doc. 16) remanding this matter to this Court to determine if venue is proper in the Western District of Louisiana. To that end, the Court ordered Plaintiff to file into the record a statement with supporting documentary evidence of his legal domicile prior to his incarceration. Mr. Moler filed a response on February 3, 2022, wherein he indicates that his residence (28 U.S.C. § 1402(b)) since 2015 is 75 Hillside Lane, Sterret, Alabama 35147-4120.

Claims brought under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Courts have interpreted the second prong of § 1402(b) to mean that a complained of act or omission can give rise to proper venue in only one judicial district. *See Reuber v. United States*, 750 F.2d 1039, 1048-49 (D.C. Cir. 1984). "[T]he operative language in Section 1402(b), 'wherein the act or omissions complained of occurred,' suggests that . . . venue in FTCA actions is proper in only one district," where the act or omission occurred. *Andrade v. Chojnacki,* 934 F.Supp. 817, 829 n. 24 (S.D. Tex. 1996).

Consequently, because Mr. Moler's alleged complaint stems from an act or omission that occurred in Forrest City, Arkansas, (the Eastern District of Arkansas) and his legal domicile prior to his incarceration was Alabama, venue is not proper in the Western District of Louisiana. Accordingly,

**IT IS ORDERED** that the matter is transferred to the Eastern District of Arkansas.

**THUS DONE AND SIGNED** in Chambers on this 7th day of February, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**