IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARTHUR FLEMMING MOLER**                                                           **PLAINTIFF**
Reg. #27271-171

v.                              No: 4:22-cv-00113-KGB-PSH

**WELLS,** *et al.*                                                                   **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

This lawsuit has been transferred to this district from the Western District of Louisiana. *See* Doc. No. 19. Plaintiff Arthur Flemming Moler filed a *pro se* complaint raising claims under the Federal Tort Claims Act on July 29, 2019 (Doc. No. 1) while in custody of the Bureau of Prisons (BOP). He was subsequently granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)

(Doc. No. 4). The case docket reflects that an initial payment of $31.67 has been received. The Court has confirmed with the Western District of Louisiana that it has received no additional funds towards the filing fee for this case.

Moler is no longer in BOP custody. *See* Doc. Nos. 13 & 18. When a plaintiff is released from confinement, the Court's policy is to require re-submission of affidavits to determine whether he should be required to pay all, or a portion of, the fees and costs of the lawsuit. Accordingly, on February 14, 2022, the Court ordered Moler to submit the remainder of the $350.00 filing fee or file a fully completed and signed IFP application reflecting his free-world financial status within 30 days. *See* Doc. No. 21. Moler was cautioned that failure to comply with the Court's order within that time would result in the recommended dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2).

More than 30 days have passed, and Moler has not complied or otherwise responded to the February 14 order. Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT Moler's complaint (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE.

DATED this 27th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE